THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CLEOFE MERCADO, Defendant and Appellant.

No. 12,787. Argued November 3, 1947.—Decided March 2, 1948.

*Ramón G. Goyco* for appellant. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the Court.

Cleofe Mercado was convicted on a charge of abandonment of children and sentenced to three months in jail, the operation of the sentence being suspended provided the defendant furnished his minor children with the sum of $5 weekly. The defendant has appealed from that judgment and he urges that the lower court committed two errors, which we will discuss presently.

The defendant-appellant first contends that the complaint does not charge a public offense, in that it does not allege that the defendant acted without "lawful excuse." He argues that for an accusation for abandonment of children to charge the commission of the real criminal act which is punished by § 263 of the Penal Code, it is necessary that it should allege that the defendant acted "without lawful excuse." In support of his contention he cites the cases of *People* v. *Ferrán,* 26 P.R.R. 230 and *The People* v. *Giraud,* 23 P.R.R. 492.

It is true that the doctrine established by the two cases cited by the appellant is to the effect that it should be alleged and proved that the defendant acted without "lawful excuse." After a thorough and careful study of that doctrine, we think that the district attorney should not be required to prove a fact—namely, that the defendant acted without "lawful excuse"—which by its nature should be treated as a matter of defense. The complaint in this case alleges that the defendant "unlawfully, willfully, and maliciously has failed to provide food, medicine, clothing, etc., to his legitimate and minor children." The allegation that the accused acted "unlawfully, wilfully, and maliciously" implies that he acted without

"lawful excuse." The presence of malice and wilfulness in the noncompliance with the obligation to support his minor children excludes the possibility that the defendant acted under a lawful excuse for his default. We hold, therefore, that the complaint in the form it was drafted in this case is sufficient to charge the defendant with the commission of the crime for which he has been prosecuted. The cases of *People* v. *Ferrán* and *People* v. *Giraud, supra,* are hereby expressly overruled.

In his second and last assignment, the defendant-appellant urges that the lower court erred in weighing the evidence. The latter may be summarized thus: The evidence introduced by the prosecution, which consisted of the testimony of Herminia Martínez, mother of the minor children, tended to show that the defendant is the owner of a stall for selling bananas which yields him certain weekly profits; that he has also a small (6-acre) farm in Villalba which also yields him some profits; that other children of his help him with money. The evidence for the defense, which consisted in the testimony of the defendant himself and of Dr. Max Sánchez, tended to show that the defendant only received the sum of $2 as weekly profit from the stall where he sells bananas; that from the farm which he has in Villalba he only receives a bunch of bananas and occasionally some vegetables; that he is not in a position to furnish his children with the sum of $5 weekly, because his income is very limited; that for several months he has been ill, suffering from blood pressure, which does not permit him to work, according to the testimony of Dr. Sánchez. The defendant accepts the fact of paternity.

The lower court resolved the conflict in the evidence and accorded full credit to the evidence of the prosecution to the effect that the defendant-appellant had sufficient income to furnish his children with the sum of $5 weekly.

Since the evidence introduced is sufficient to support that finding, the latter will not be disturbed by us.

The judgment appealed from will be affirmed.

Mr. Justice Todd, Jr., dissented.